# MINUTES

| | |
|---|---|
| CASE NUMBER: | 1:22-cr-00046-LEK-1 |
| CASE NAME: | United States of America v. Mason Jordan |
| ATTY FOR GOV'T: | Wayne A. Myers |
| ATTY FOR DEFT: | Caroline Elliot |
| U.S. PROBATION: | Sara Nieling |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | Gloria Bediamol |
| DATE: | 8/27/2025 | TIME: | 1:30pm-2:50pm |

COURT ACTION: EP: SENTENCING to Count 1 of the Indictment as to Defendant Mason Jordan held.

Defendant Mason Jordan present, in custody.

FBI Special Agent, Sherwin Chang present.

Defendant pled guilty to Count 1 of the Indictment on 4/4/2024 and was adjudged guilty.

The Memorandum of Plea Agreement has been accepted by the Court.

The Court received and reviewed the letters on behalf of and from the Defendant.

Parties have reviewed the Presentence Investigation Report and it is placed in the record under seal.

Court findings made as to the applicable sentencing guidelines. Court adopts the factual findings of the PSR.

Court notes the aggravating and mitigating factors related to Defendant's Sentencing.

Motion for Downward Departure ECF No. [85] GRANTED.

Recommendations by Counsel as to proposed sentence heard.

Victim letter read by Ms. Bills.

Allocution by Defendant Mason Jordan.

Court's proposed sentence stated.  No legal objections to the proposed sentence.  Court imposes sentence.

SENTENCE:

Imprisonment: TWO HUNDRED SEVENTY-SIX (276) MONTHS

Supervised Release: LIFE

Fine: None imposed.

Restitution: Not applicable.

Special Assessment: $100.00

Court imposes the list of standard conditions recommended by the U.S. Probation and Pretrial Services Office. Defendant waives the reading of the 13 standard conditions.

You must abide by the mandatory and standard conditions of supervision, including the following:

> You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision. (mandatory condition)
>
> You must cooperate in the collection of DNA as directed by the probation officer. (mandatory condition)
>
> You must comply with the requirements of the Sex Offender Registration and Notification Act (34 USC § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (mandatory condition)
>
> You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame. (standard condition)

You must abide by the following special conditions:

1. You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer, in

       consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity).

2. As part of the substance abuse treatment regimen and monitoring, you must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3. You are prohibited from using marijuana, synthetic marijuana, any products containing tetrahydrocannabinol, or any other products derived from a marijuana plant, including for medicinal or business purposes, without the prior approval of the Court.

4. You must participate in an outpatient mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity).

5. You may change your residence only with the advance approval of the probation officer. You must appear in person at the state registration agency within three business days after the change of residence to report such change.

6. You must participate in a sex offense-specific assessment and any recommended treatment program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, and intensity). Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a treatment provider's question shall not be considered a violation of this condition.

7. You must submit to periodic polygraph testing at the direction of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. A maximum of six polygraph tests per year is allowed, unless otherwise ordered by the Court. Your supervision may not be revoked based solely upon the results of a polygraph test. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a polygrapher's question shall not be considered a violation of this condition.

8. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

9. You must not communicate, or otherwise interact, with MV1, MV2, MV3, or AV1, either directly or through someone else, without first obtaining the permission of the probation officer.

10. You must not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

11. You must allow the probation officer to install computer monitoring software on any computer you use as part of the Computer and Internet Monitoring Program (CIMP). A computer is defined as any device that can access sexually explicit conduct [as defined in 18 USC § 2256(2)]. You must comply with the rules and regulations of the CIMP, pursuant to the Participant's Agreement. You must pay the costs of the program, as directed by the probation officer. This condition shall not apply to items used at your employment site that are maintained and monitored by the employer.

12. To ensure compliance with the computer monitoring condition, you must allow a probation officer to conduct initial and periodic unannounced searches and seizures of any computers subject to computer monitoring. Failure to submit to a search may be grounds for revocation. These searches and seizures shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches and seizures pursuant to this condition. Any search and seizure will be conducted at a reasonable time and in a reasonable manner.

13. You must possess and/or use only those computers, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such items listed, that have been disclosed to and approved by the probation officer at the start of supervision. A computer is defined as any device that can access sexually explicit conduct [as defined in 18 USC § 2256(2)]. You must submit to the probation officer, upon request, any cellular or telephone/internet service provider records or receipts, to verify that you are not utilizing services that are prohibited. Any new computers, accounts, applications, passwords, or passcodes must be disclosed to and approved by the probation officer prior to the first use. Any computer that is not able to be effectively monitored will not be approved for use by the probation officer.

14. You must not go to, or be at, schoolyards, playgrounds, arcades, childcare facilities, or other places primarily used by children under the age of 18.

15. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

16. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 USC § 1030I(1)), other electronic communications or storage devices or media, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. You must also submit to periodic unannounced examinations of your computer and computer accessories, as well as provide access to Internet service provider account records, as directed by the probation officer. You must warn other occupants that the premises may be subject to searches pursuant to this condition.

Defendant is advised of his right to appeal within 14 days of entry of judgment.

JUDICIAL RECOMMENDATIONS:
1) FDC Honolulu, HI
2) FCI Milan, MI
3) RDAP (500 Hour Residential Drug Treatment)
(Locations requested are proximity of support system in Honolulu and the availability of programs in Michigan)

Defendant Mason Jordan is remanded to the custody of the U.S. Marshals Service.

Mittimus forthwith



Submitted by: Carla Cortez, Courtroom Manager